UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH N. PITTMAN,

                        Plaintiff,                    **SUA SPONTE
REPORT &
-against-                               RECOMMENDATION**

                                                                CV 18-5236 (LDH) (AYS)

MICHAEL CORBETT, Det., SCPD,
JOHN DOE(S) #1-8,

                        Defendants.
----------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       On September 17, 2018, <u>Pro Se</u> Plaintiff Joseph Pittman ("Plaintiff") commenced this action against Defendant Michael Corbett ("Corbett"), a Detective with the Suffolk County Police Department, as well as several other unnamed John Does (collectively, "Defendants"), alleging, <u>inter alia</u>, that Defendants violated his civil rights, pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff's Complaint alleges that on or about August 8, 2018, Defendants entered his residence pursuant to a "no-knock" search warrant and arrested Plaintiff, subjecting him to excessive force in the execution of the arrest, including tasering. (Compl. ¶¶ 1-17.) Following his arrest, Plaintiff was transported to Southside Hospital to have the tasers removed, at which time he alleges Defendants caused him to be denied additional medical treatment for injuries suffered during the arrest. (<u>Id.</u> ¶¶ 18-25.) Plaintiff also alleges that other officers – named herein as John Does – failed to intervene during his arrest and subsequent denial of medical treatment. (<u>Id.</u> ¶ 37.)

       To date, Plaintiff has not appeared in this action in any way beyond the filing of a Complaint and one letter while incarcerated. For the reasons set forth below, and, in particular,

1

the fact that Defendants will be prejudiced by Plaintiff's protracted lack of any involvement in this matter, this Court respectfully recommends that this action be dismissed, with prejudice.

BACKGROUND

Plaintiff commenced this action pro se on September 17, 2018. (Compl., Docket Entry ("DE") [1].) On July 8, 2019, the Court received a letter from Plaintiff, advising that he would be released from custody on August 6, 2019, at which point he would seek to obtain legal representation. (DE [9].) On July 17, 2019, Defendant Corbett filed his Answer to the Complaint. (DE [10].) By letter also on July 17, 2019, counsel for Defendant Corbett advised the Court that the only John Doe they were able to identify as being involved in Plaintiff's August 8, 2018 arrest was Police Officer Sean Ryan. (DE [11].) The letter indicates that it was also sent to Plaintiff. (Id.) However, Plaintiff has not moved to amend the Complaint to add Officer Sean Ryan as a named defendant.

By Order dated August 19, 2019, this Court scheduled an initial conference for September 12, 2019. A copy of the Order was mailed to Plaintiff at the address he provided to the Court when he filed his Complaint – the Suffolk County Jail in Riverhead, New York. (DE [12].) However, that Order was returned as undeliverable on September 5, 2019, with a notation that Plaintiff was discharged on August 6, 2019 and that no forwarding address was provided. (DE [14].)

The Court held the initial conference as scheduled on September 12, 2019. (DE [16].) Plaintiff did not appear for the conference nor communicate with either the Court or Defendants' counsel as to his non-appearance. Nor did Plaintiff contact the Court to advise of a new address. The Court directed Defendants' counsel to provide the Court with Plaintiff's last known address within one week and rescheduled the initial conference for October 22, 2019. (DE [16].)

By letter dated September 12, 2019, Defendants' counsel provided the Court with Plaintiff's last known address on file with the Suffolk County Sheriff's Office. (DE [15].) The Court mailed a copy of its September 12, 2019 Order rescheduling the initial conference to Plaintiff's last known address. That mailing was returned as undeliverable on September 25, 2019, with a notation that there was no such house number and the Postal Service was unable to forward. (DE [17].)

An initial conference was again held on October 22, 2019. (DE [18].) Again, Plaintiff failed to appear. The Court issued an Order advising Plaintiff that failure to communicate with the Court and provide an updated address by November 22, 2019 would result in a recommendation to the District Court that this action be dismissed for failure to prosecute. (Id.) A copy of that Order was mailed to Plaintiff at his last known address. That mailing was returned as undeliverable on October 30, 2019, with a notation that there was no such street and the Postal Service was unable to forward. (DE [19].)

To date, there has been no communication by Plaintiff to the Court. In fact, the docket sheet still reflects the Suffolk County Jail as Plaintiff's present address, despite the fact that he was discharged in August 2019. At no point during this action has Plaintiff contacted the Court to provide an updated address.

DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that

dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;
- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action. Plaintiff has failed to make any appearances in this matter. Moreover, there has been no contact by Plaintiff with either Defendants' counsel or the Court. Nor does the Court even have an accurate current address for Plaintiff. Plaintiff has been specifically warned that failure to comply with this

4

Court's orders may result in a recommendation to the District Court that this action be dismissed for failure to prosecute. (DE [28].) Although Plaintiff has been given multiple opportunities to communicate with this Court, he has remained silent. Indeed, since its inception, Plaintiff has failed to advance this litigation.

At this time, the Court and Defendants are unable to communicate with Plaintiff. Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bear the costs and burdens incidental to defending civil litigation. See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund"). This delay is unnecessary, unfair, and has impeded the Defendants' ability to marshal an effective defense. As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this case for failure to prosecute.

### RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Defendants' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es), and to file proof of service on ECF, by February 28, 2020. Any written objections to the Report

5

and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated:  Central Islip, New York
          February 26, 2020.

                                            /s/ Anne Y. Shields
                                            ANNE Y. SHIELDS
                                            United States Magistrate Judge